UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK HARDNEY, | No. 2:13-cv-01509 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| T. VIRGA, | |
| Respondent. | |

Petitioner is a California state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction. Petition, ECF No. 1. Respondent has filed an answer, ECF No. 13, and petitioner has filed a traverse, ECF No. 14. Neither party has addressed this court's jurisdiction.

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to prison disciplinary convictions in which the inmate has lost time credits may come within the federal court's habeas jurisdiction, Edwards v. Balisok, 520 U.S. 641, 644 (1997), but only if "expungement is likely to accelerate the prisoner's eligibility for parole," Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). "[H]abeas jurisdiction is absent... where a successful challenge to a prison condition will not

1

necessarily shorten [a] prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The court's jurisdiction turns on the nexus between the disciplinary finding and the duration of confinement. Docken v. Chase, 393 F.3d 1024, 1028–29, 1031 (9th Cir. 2004).

This court cannot determine from the pleadings and exhibits on file whether the 90 day credit forfeiture assessed in the disputed disciplinary proceeding, see ECF No. 1 at 47 (RVR Disposition), will likely affect the duration of petitioner's custody. The petition states that petitioner is serving a sentence of "28 plus life with parole." ECF No. 1 at 1. The answer provides no information about petitioner's sentence, or the regulations under which his suitability for parole will be assessed and any release date calculated. Accordingly, the undersigned cannot make a threshold determination that it has jurisdiction to consider the merits of petitioner's claim.

Accordingly, it is hereby ORDERED as follows:

1. Respondent shall, within twenty-eight days, file a brief addressing the question whether petitioner's claim bears a sufficient nexus to the duration of his custody to support habeas jurisdiction;

2. Petitioner may file a response to respondent's brief within twenty-one days of service.

DATED: April 13, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2