UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK HARDNEY,<br><br>        Petitioner,<br><br>    v.<br><br>T. VIRGA,<br><br>        Respondent. | No. 2:13-cv-01509 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner is a California state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction for indecent exposure. Petitioner alleges that his due process rights were violated by the denial of eyewitness testimony from a correctional officer at his disciplinary rehearing. Petition, ECF No. 1. Respondent has filed an answer, ECF No. 13, and petitioner has filed a traverse, ECF No. 14. On April 14, 2015, the court ordered further briefing on the nexus between the disputed disciplinary conviction and the duration of petitioner's confinement. ECF No. 15. Respondent timely filed his supplemental brief, ECF No. 16, and the time for petitioner's response to that brief has expired.

### FACTUAL AND PROCEDURAL BACKGROUND

      On November 15, 2009, petitioner was on the exercise yard at CSP-Corcoran. Officers Castillo and Rickman were supervising the yard. Petitioner lowered his jumpsuit to his knees and

1

straddled a toilet with his back to the officers.  Officer Castillo accused petitioner of indecent exposure and masturbation.  Petitioner claims that he was merely urinating.  ECF No. 1 at 28 (petitioner's statement of facts).[1]  Castillo issued a Rules Violation Report ("RVR"), Log No. 4B-09-11-018, in which she reported that she saw petitioner "fully exposing his erect penis and. . . stroking it in an up and down motion as he stared in my direction."  Id. at 43 (RVR).

On February 5, 2010, a disciplinary hearing was held on the RVR.  Petitioner requested the appearance and testimony of Officer Rickman.  The hearing officer denied the request.  Officer Castillo testified that she had directly seen petitioner masturbating.  Petitioner was found guilty of the rules violation.  After exhausting his administrative remedies, petitioner challenged the disciplinary conviction in a habeas petition filed on January 4, 2011 in Kings County Superior Court.  He alleged that his right to due process rights was violated by the hearing officer's exclusion of Officer Rickman's testimony.  Petitioner alleged that Officer Rickman would have exculpated him.  The petition was granted on October 12, 2011.  The superior court ordered CDCR to vacate the disciplinary finding and rehear the matter.  Id. at 18-21 (Order of Hon. James LaPorte, dated October 12, 2011).

The RVR was reissued on November 10, 2011.  Id. at 43 (RVR).  A disciplinary rehearing was held on December 12, 2011.  Id. at 45.  Petitioner again requested the appearance and testimony of Officer Rickman.  The hearing officer had made several unsuccessful attempts to contact Officer Rickman to arrange for her appearance.  Officer Rickman was not available for the hearing, as she was on extended sick leave with an unknown date of return.  The hearing officer relied on a provision of Tile 15 of the California Code of Regulations which excuses the participation of a requested witness for exceptional circumstances including extended sick leave.  Id. at 46.

The hearing officer considered the report and testimony of Officer Castillo, the report of the Investigating Employee, and petitioner's statement.  Id. at 45-46.  The Investigating Employee had interviewed Officer Rickman and asked her the questions that petitioner had requested.

---

[1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system.

2

1  Officer Rickman answered that she had not observed petitioner masturbating. Id. at 52. The
2  hearing officer also accepted petitioner's representation that if called to testify and asked whether
3  she had seen petitioner masturbating, Officer Rickman would have said "No." Id. at 46.
4  Petitioner was found guilty. The hearing officer found that Officer Rickman did not personally
5  witness petitioner masturbating because she was not looking in his direction when Officer
6  Castillo saw him masturbating. Id. at 47. The hearing officer found Officer Castillo's report to
7  be credible, and sufficient to support a guilty finding. Id.

8  Petitioner administratively appealed the decision, and exhausted available administrative
9  remedies. Id. at 41-42 (Third Level Appeal Decision dated August 7, 2012). On September 4,
10 2012, petitioner filed a petition for writ of habeas corpus in Kings County Superior Court. His
11 petition was considered by the same judge who had previously ordered the rehearing. The
12 petition was denied on November 5, 2012, on grounds that (1) the disciplinary finding was
13 supported by some evidence and therefore satisfied due process under Superintendent v. Hill, 472
14 U.S. 445 (1985); and (2) the hearing comported with the statutory and regulatory requirements of
15 California law. Id. at 22-23 (Order of Hon. James LaPorte, dated November 5, 2012).

16 On January 30, 2013, petitioner filed a petition for writ of habeas corpus and a petition for
17 writ of mandate in the California Court of Appeal.[2] That court denied relief on March 20, 2013.
18 Id. at 24. Petitioner next sought habeas relief in the California Supreme Court, which denied his
19 petition without comment or citation on June 12, 2013. Id. at 25.

20 The instant federal petition was timely filed on July 23, 2013. ECF No. 1 at 62.
21 Respondent answered on the merits on December 9, 2013. ECF No. 13. Petitioner's traverse was
22 filed on January 13, 2014. ECF No. 14.

23                                                    JURISDICTION

24 A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is
25 challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a
26 determination that he is entitled to an immediate or speedier release from that imprisonment."
27

---

28 [2]  See also, ECF No. 13-2 at 6-11, 20-40; ECF No. 13-3 at 2, 4.

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to prison disciplinary convictions in which the inmate has lost time credits may come within the federal court's habeas jurisdiction, Edwards v. Balisok, 520 U.S. 641, 644 (1997), depending on the nexus between the disciplinary finding and the duration of confinement, see Docken v. Chase, 393 F.3d 1024, 1028–29, 1031 (9th Cir. 2004). After the undersigned ordered briefing on the question whether petitioner's claim bears a sufficient nexus to the duration of his custody to support this court's jurisdiction, and after respondent filed his brief, the Ninth Circuit decided Nettles v. Grounds, No. 12-16935, 2015 U.S. App. LEXIS 8825 (May 28, 2015), which clarifies the applicable standard.

Nettles holds, pursuant to Skinner v. Switzer, 131 S.Ct. 1289 (2011), that habeas jurisdiction extends to claims involving prison disciplinary proceedings only if petitioner's success will "*necessarily* spell speedier release." Nettles, 2015 U.S. App. LEXIS 8825 at *23 (quoting Skinner, 131 S.Ct. at 1299 n.13) (emphasis by Nettles court). The panel emphasized that prior circuit precedent formulating the standard more generously is no longer valid. Id.[3] Applying the Skinner standard, the court held that the district court lacked jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life sentence, who had not yet been found suitable for parole. Under these circumstances, neither expungement of the disciplinary finding nor restoration of lost good-time credits would necessarily accelerate release. Id. at 30-31. Accordingly, the petitioner's claim was not cognizable in habeas. Id.

## DISCUSSION

Petitioner's situation is indistinguishable from that of the petitioner in Nettles. As in Nettles, petitioner here is serving an indeterminate life sentence. ECF No. 1 (petition) at 1. As in Nettles, petitioner here has passed his minimum eligible parole date but has not yet been found suitable for parole by the Board. ECF No. 16 at 7 (excerpt of petitioner's CDCR chronological history, indicating parole hearing and 10-year denial on 11/8/11). Under California regulations that are equally applicable here and in Nettles, the disputed disciplinary finding *may* affect the

---

[3] "To the extent our cases have indicated that the writ of habeas corpus may extend to claims that, if successful, would merely be likely to or have the potential to lead to a speedier release, they are superceded by the Supreme Court's rulings." Id.

4

Board's future assessment of petitioner's suitability for parole, and *if* he is ever found suitable the lost credits will *likely* affect the calculation of his release date. See Nettles, 2015 U.S. App. LEXIS 8825 at *25-27 (reviewing California parole process); ECF No. 16 (supplemental brief) at 2-3 (same). The effect of expungement or credit restoration on the duration of confinement under these circumstances is "too attenuated" to support habeas jurisdiction. Nettles, 2015 U.S. App. LEXIS 8825 at *28. The bottom line is that the Board enjoys tremendous discretion in determining whether and when petitioner will be released, and it therefore cannot be said that habeas relief would "*necessarily* spell speedier release." Skinner, 131 S.Ct. at 1299 n.13. Petitioner's claim is therefore not cognizable in this court.

## CONCLUSION

For the reasons explained above, IT IS RECOMMENDED that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE